IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA LASKO, | ) | CASE NO:  1:19-CV-542 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| MOBILE HYPERBARIC CENTERS, LLC, | ) | **DEFENDANTS' MOTION FOR SUMMARY** |
| *et al.*, | ) | **JUDGMENT ON ALL CLAIMS ASSERTED BY** |
| | ) | **PLAINTIFF** |
| Defendants. | ) | |

Now come Defendants Mobile Hyperbaric Centers, LLC and Mobile Hyperbaric Centers, LLC ("MHC") and Michael N. Huber, M.D. ("Dr. Huber") (collectively "Defendants"), by and through counsel, pursuant to Fed.R.Civ.P. 56 and Local Rule 7.1, and hereby move this Court for an Order granting summary judgment in their favor on all claims asserted by Plaintiff in this disability-related public accommodation lawsuit.

As articulated more fully in Defendants' contemporaneously-filed Memorandum in Support of Their Motion for Summary Judgment, Plaintiff claims to be a person with a disability by virtue of her claimed sensitivity to sound and that, in the course of receiving hyperbaric oxygen therapy (HBOT) at MHC's medical facilities, Defendants unlawfully refused to turn down the volume of the television inside the hyperbaric chamber where she received treatment as an accommodation for her condition. She also seems to claim that MHC unlawfully ended her HBOT treatments due to her alleged disability.

Plaintiff filed this action alleging that she was discriminated against in the full and equal enjoyment of MHC's facilities based on her alleged disability in violation of Title III of the

Americans with Disabilities Act and Ohio Revised Code § 4112.02(G).  As grounds for this Motion, Defendants state that even when construing the Rule 56 evidence in a light most favorable to Plaintiff, there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law on both the federal and state law public accommodation claims asserted.

*First and foremost*, Plaintiff admitted on the record that MHC staff turned down the television in the hyperbaric chamber at her request is fatal to her failure to accommodate claim. *Second*, Plaintiff has no legal grounds to challenge the decision to end her HBOT treatments as one's disagreement with medical treatment decisions cannot form the basis of a public accommodation disability discrimination claim as a matter of law and, in any event, Defendants have established that their motive in ending Plaintiff's HBOT was not discriminatory.  *Third*, Plaintiff cannot demonstrate that she is a person with a disability inasmuch as there is no evidence that she was ever diagnosed with a medical condition that made her hypersensitive to sound at the time of the relevant events and, even if she had been diagnosed with such condition, there is no evidence that her sensitivity to sound was a qualifying disability.  *Fourth*, Plaintiff does not have standing to bring her ADA Title III claim because Title III permits only prospective injunctive relief and Plaintiff has not indicated that she intends to return to MHC for treatment at any point in the future.  *Fifth*, Plaintiff's Title III claim is time-barred under the statute of limitations.  And *lastly*, Dr. Huber cannot be held personally liable under Title III of the ADA as a matter of law.

In further support of this Motion, Defendants have contemporaneously filed a Memorandum in Support, the Declarations of Dr. Charles R. Cowap and Dr. Michael N. Huber, and the transcript and exhibits from the deposition of Plaintiff.

WHEREFORE, for the foregoing reasons, Defendants respectfully move this Court for an Order dismissing Plaintiff's Complaint in its entirety with prejudice pursuant to Fed.R.Civ.P. 56, and awarding Defendants their costs and attorney's fees.

>Respectfully submitted,
>
>*/s/ Anthony D. Dick*
>Robert E. Dezort (0059688)
>Anthony D. Dick (0084913)
>FISHER & PHILLIPS LLP
>200 Public Square, Suite 4000
>Cleveland, Ohio 44114
>(440) 838-8800 - Telephone
>(440) 838-8805 - Facsimile
>rdezort@fisherphillips.com
>tdick@fisherphillips.com
>
>*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2020 a true and correct copy of the foregoing *Defendants' Motion for Summary Judgment on All Claims Asserted by Plaintiff* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nicholas P. Weiss, Esq.
Nicholas P. Weiss, LLC
3 Severance Circle #181576
Cleveland Heights, Ohio 44118
nick@npweisslaw.com

        */s/ Anthony D. Dick*
        Anthony D. Dick (0084913)